UNIVERSITY FACULTY — CONSULTANT TO AGENCY Depending upon the surrounding facts and circumstances, a violation of 74 O.S. 1404 [74-1404] (1971), could arise where a faculty member employed by a state college or university also serves and receives payment, in addition to his or her faculty salary, as a consultant to a state agency. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Can a faculty member employed by a state college or university legally serve and receive payment, in addition to his or her faculty salary, as a consultant to another state agency? For purposes of this opinion, we assume that the hours during which the faculty member serves as a consultant are not contemporaneous with the hours of his or her employment at the state college or university. In answering your question, it is appropriate to look at the statutory provision relating to dual office holding and the Code of Ethics for State Officials and Employees. Title 51 O.S. 6 [51-6] (1971) (Dual Office Holding), reads as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." As it can be seen under the above-quoted statute, it is a prohibition directed at state officers and their deputies, and such provision does not prohibit one from drawing a salary from more than one agency or instrumentality of state government. In Oklahoma City v. Century Indemnity Co., 178 Okl. 212,62 P.2d 94 (1936), the Court in construing the prohibition contained in 51 O.S. 1971 6 [51-6], stated at page 97 of the Opinion as follows: "Many authorities hold that the chief elements of a public office are: "(a) A specific position may be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power. 'A position which has these three elements is presumably an office while one which lacks any of them is mere employment.'" Based on the above decision it is clear that neither the position of a faculty member at a state college or university, nor one serving as a consultant to a state agency, would constitute an "office" or make one a "deputy of any officer", within the meaning of 51 O.S. 6 [51-6] (1971). Looking at the Code of Ethics for State Officials and Employees, 74 O.S. 1404 [74-1404] (1971), reads as follows: "No state employee shall: "(a) Directly or indirectly accept any compensation, gift, loan, entertainment, favor, or service given for the purpose of influencing such employee in the discharge of his official duties. Provided, however, that this section shall not apply to bona fide campaign contributions; "(b) Use his official position to secure special privileges or exemptions for himself or others, except as may be provided by law; "(c) Disclose confidential information acquired by reason of his official position to any person, group, or others not entitled to receive such confidential information, nor shall he use such information for his personal gain or benefit; "(d) Sell or cause to be sold, either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or services to any state agency or to any business entity licensed by or regulated by the state agency, except as provided in Section 5(a) of this Act; "(e) Receive any compensation that would impair his independence of judgment, for his services as an officer or employee of any state agency, from any source other than the State of Oklahoma, unless otherwise provided by law; or "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties. " In applying the above prohibitions contained in Section 1404 to the situation presented in your question, it does not appear that the situation presented would, standing alone, without additional facts and circumstances, constitute a violation of the express provisions of Section 1404. Thus, no definitive conclusion can be made based upon the information presented in your request, however, depending upon the surrounding facts and circumstances, a violation of Section 1404 could arise where a faculty member employed by a state college or university also serves and receives payment, in addition to his or her faculty salary, as a consultant to a state agency. It is, therefore, the opinion of the Attorney General under the situation presented in your request, without additional facts and circumstances, that your question be answered in the affirmative. Depending upon the surrounding facts and circumstances, however, a violation of 74 O.S. 1404 [74-1404] (1971), could arise where a faculty member employed by a state college or university also serves and receives payment, in addition to his or her faculty salary, as a consultant to a state agency. (State Employment) (Gerald E. Weis)